**GRIGGS & ADLER, P.C.**
ATTORNEYS AT LAW
12020 SUNRISE VALLEY DRIVE, SUITE 100
RESTON, VIRGINIA  20191-3429
(703) 860-6315  FAX (703) 716-2865
E-Mail:griggsandadler@comcast.net

DEBRA BETH ADLER [+]
JOHN WYETH GRIGGS[*]

[+] Admitted DC, VA

[*] Admitted AK, DC, FL, VA

January 11, 2016

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

   ***Re: Shasha, et al. v. Malkin, et al.*, No. 14 Civ. 09989 (AT) (JCF)[rel. 15 Civ. 6597]**

Dear Judge Torres:

  We represent the plaintiffs in this action, and submit this joint letter with defendants pursuant to the Court's March 11, 2015 order.  We report herewith the current status of the pending arbitration between the parties, *Sasha, et al. v. Malkin, et al.,* AAA No. 01-14-0001-6986.

  The arbitration proceeding is in the discovery phase at this point in time in accordance with the procedural schedule adopted by the Arbitration Panel.  The procedural schedule was revised on December 11, 2015, and a copy of the currently effective procedural schedule, Scheduling Order No. 6, is attached.

  On September 2, 2015, the Panel issued an order staying the arbitration as to Richard Edelman pending a ruling by this Court regarding Steven Edelman's request to stay the arbitration as to him in the related action (15 Civ. 6597), but reserved the right to revisit the stay if there were no ruling by the federal court for more than 30 days.  At a conference with the parties on December 11, 2015, the Panel advised the parties that it had decided to reconsider its stay as to Richard Edelman, invited the parties to file statements of position regarding this issue on December 21, 2015, and scheduled oral argument for January 15, 2016, as to whether to modify its September 2 order.

  As defendants have advised the Court in a separate letter dated today in the related action (15 Civ. 6597), they have determined to withdraw the claim in the arbitration against Steven Edelman, effectively mooting that action and making it unnecessary for the Court to determine the petition filed in it.

  However, with respect to defendants' above-stated determination to withdraw a claim in the arbitration, Plaintiffs point out that no withdrawal of any claim has taken place at this time, and such claim remains pending and the action not moot until the claim is formally withdrawn.

The Honorable Analisa Torres
January 11, 2016
Page 2

      The arbitration is continuing pursuant to Scheduling Order No. 6 as to claimants and respondents.

                                      Respectfully submitted,

                                      */s/ John W. Griggs*

                                      John W. Griggs
                                      *Pro hac vice counsel for Plaintiffs*


                                      */s/ David S. Pegno*

                                      David S. Pegno
                                      Dewey Pegno & Kramarsky LLP
                                      *Counsel for Defendants*


Enclosures
cc:
B. Amini
A. Samet
P. Levine
J. Benavides

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

Re: 01-14-0001-6896

VIOLET SHUKER SHASHA LIVING TRUST, JUDITH JACOBSON, ADLER FAMILY TRUST, EMPIRE STATE LIQUIDITY FUND LLC, EDELMAN FAMILY DECEDENT'S TRUST, 2006 GILBERT M. EDELMAN INTER VIVO TRUST, ROBERT A. MACHLEDER, MELVYN H. HALPER, PHYLLIS J. HALPER, WENDY S. TAMIS, ALAN D. GORDON, and MARY JANE FALES ("Claimants"),

and

PETER L. MALKIN, ANTHOHY E. MALKIN, THOMAS N. KELTNER, JR., and MALKIN HOLDINGS, LLC ("Respondents").

## **SCHEDULING ORDER NO. 6**

   **AND NOW**, this 12th day of December 2015, after a case management conference on December 11, 2015 with John W. Griggs, Esquire, and Debra B. Adler, Esquire, of Griggs & Adler, P.C. (counsel for Claimants), David S. Pegno, Esquire and Jenifer L. Salzberg, Esquire of Dewey Pegno & Kramarsky LLP (counsel for Respondents), and the three arbitrators, it is hereby **ORDERED** that the following revised schedule shall apply:

| Due Date | Description |
|---|---|
| **December 21, 2015** | **The parties shall submit position statements regarding whether the panel should modify its September 2, 2015 order regarding Richard Edelman's request to stay the arbitration of the counterclaims that have been asserted against him.[1]  The panel encourages Joel L. Benavides, Esquire, counsel for Richard Edelman, to submit a position statement.  Any submission on behalf of Richard** |

---

[1]   The September 2, 2015 order stated as follows:

  **AND NOW**, this 2nd day of September 2015, after consideration of letter briefs regarding respondent Richard Edelman's objections to American Arbitration Association's jurisdiction in this arbitration proceeding ("Richard Edelman's Objections"), it is hereby **ORDERED** that the counterclaims against Richard Edelman are **STAYED** pending the Court's determination, in Steven Edelman v. Peter L. Malkin, 15 Civ. 6597 (S.D.N.Y.), of Steven Edelman's request to stay the arbitration of the counterclaims that have been asserted against him in this arbitration proceeding ("Steven Edelman's Request").  It is further **ORDERED** that Richard Edelman shall have ten calendar days after the arbitrators' adjudication of Richard Edelman's Objections to answer or otherwise respond to the counterclaims, including filing a motion to quash service of process.  The arbitrators reserve the right to modify this Order for good cause shown, including without limitation a delay of more than thirty days from today in the Court's determination of Steven Edelman's Request.

| Due Date | Description |
|---|---|
|  | Edelman shall be without waiver of or prejudice to Richard Edelman's objection to the American Arbitration Association's jurisdiction in this arbitration proceeding. |
|  |  |
| On or after January 4, 2016 | Oral argument on whether the panel should modify its September 2, 2015 order regarding Richard Edelman's request to stay the arbitration of the counterclaims that have been asserted against him, |
| January 29, 2016 | The parties shall complete fact witness depositions.  Each party can take no more than one fact witness deposition.  Each deposition shall be limited to one day of seven hours.<br><br>A party shall be permitted to depose more than one fact witness only upon good cause shown. |
| April 1, 2016 | Claimants shall serve their pre-hearing submission.  The submission shall consist of the following:<br><br>• a list setting forth (a) the name and address of each anticipated witness at the arbitration hearing with respect to Claimants' claims; and (b) a short statement of the evidence the witness shall give (**only those witnesses listed shall be permitted to testify at the arbitration hearing, except to prevent manifest injustice**);<br><br>• pre-marked copies of all of Claimants' anticipated hearing exhibits in support of Claimants' claims[2] (Claimants shall not include copies in the submission sent to the AAA); and<br><br>• a summary of Claimants' claimed damages that, separately for each item of claimed damages, (a) sets forth the amount of damages claimed; (b) sets forth the computation by which the amount of claimed damages was determined; and (c) attaches, or refers by exhibit number to, the documents supporting the item of damages. |
| April 18, 2016 | Respondents shall serve their pre-hearing submission.  The submission shall consist of the following:<br><br>• a list setting forth (a) the name and address of each anticipated witness at the arbitration hearing with respect to Respondents' defenses and counterclaims; and (b) a short statement of the evidence the witness shall give (**only those witnesses listed shall be permitted to testify at the arbitration hearing, except to prevent manifest injustice**);<br><br>• pre-marked copies of all of Respondents' anticipated hearing exhibits with respect to Respondents' defenses and counterclaims |

---

[2] Claimants shall number their exhibits "C-1," "C-2," "C-3," and so on.  Respondents shall number their exhibits "R-1," "R-2," "R-3," and so on.

2

| Due Date | Description |
|---|---|
| | (Respondents shall not include copies in the submission sent to the AAA); and |
| | • a summary of Respondents' claimed damages on Respondents' counterclaims that, separately for each item of claimed damages, (a) sets forth the amount of damages claimed; (b) sets forth the computation by which the amount of claimed damages was determined; and (c) attaches, or refers by exhibit number to, the documents supporting the item of damages.. |
| April 29, 2016 | Claimants shall serve their pre-hearing submission relating to their defenses to Respondents' counterclaims. The submission shall consist of the following:<br><br>• a list setting forth (a) the name and address of each anticipated witness at the arbitration hearing with respect to Claimants' defenses to Respondents' counterclaims; and (b) a short statement of the evidence that the witness shall give with respect to Claimants' defenses to Respondents' counterclaims (**only those witnesses listed shall be permitted to testify at the arbitration hearing, except to prevent manifest injustice**); and<br><br>• pre-marked copies of all of Claimants' anticipated hearing exhibits relating to their defenses to Respondents' counterclaims. |
| May 10, 2016 | The parties shall serve pre-hearing memoranda summarizing the legal and factual issues regarding the claims, the counterclaims, the defenses, and the claimed damages. The memoranda shall be no more than twenty-five double-spaced pages. Counsel shall attach copies of any key cases cited in the memoranda. |
| May 24 to May 26, 2016, May 31 to June 3, 2016, and June 6 to June 9, 2016 | Arbitration hearing. Location: American Arbitration Association offices, 150 East 42nd Street, Floor 17, New York, NY 10017. Starting time: 10:00 AM.<br><br>At the start of the hearing, each party shall give to the arbitrators a binder that contains pre-marked copies of that party's hearing exhibits. |

- The arbitrators shall issue a reasoned award.

- There shall be a court reporter at the arbitration hearing.

- There shall be expert witnesses. The arbitrators shall later enter a scheduling order regarding expert discovery.

- The parties shall submit post-hearing briefs. The arbitrators shall later enter a scheduling order regarding post-hearing briefs.

3

- Any party seeking to file any motion shall first submit a letter brief (not to exceed two single-spaced pages) explaining why the motion has merit and why it would make this proceeding more cost-effective.  Any other party then shall have three business days to submit a response (not to exceed two double-spaced pages) to the letter brief.  The arbitrators then shall decide whether to allow the requesting party to submit the proposed motion and, if so, the arbitrators shall establish a briefing schedule.  The pendency of any motion shall not stay any aspect of this proceeding or adjourn any deadline or due date in this proceeding.

- The parties have agreed to "Accelerated Exchange" and may therefore forward all legal papers and documents directly to the arbitrators, provided they serve copies simultaneously on all other parties and only the cover letter/e-mail on the American Arbitration Association case manager.  There shall be no *ex parte* communications, written or oral, with any arbitrator.  The parties shall serve all legal papers and documents on the arbitrators by both e-mail and overnight mail.

              /s/ *Charles F. Forer*
              CHARLES F. FORER, Arbitrator Chairperson