UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMIL SHASHA, TRUSTEE FOR THE VIOLET )
SHUKER SHASHA LIVING TRUST, *et al.*, )
                                       Plaintiffs, )
                                                ) Civil Action No. 14-CV-9989(AT)(RWL)
v. )
PETER L. MALKIN, *et al.*, )
                                      Defendants. )

**DECLARATION IN SUPPORT OF MOTION TO ENFORCE ARBITRAL SUBPOENAS**

    JOHN WYETH GRIGGGS, pursuant to 28 U.S.C. § 1746, does hereby declare under penalty of perjury as follows:

    1. I am licensed to practice law in the District of Columbia and the States of Virginia and Florida, and I have been admitted *pro hac vice* to this Court for the purposes of this case

    2. I am a member of the law firm of Griggs & Adler, P.C., counsel for plaintiffs Emil Shasha, Trustee of the Violet Shuker Shasha Living Trust, Laurence Adler and Shirley Adler, Trustees of the Adler Family Trust, Howard Edelman, Trustee of the Edelman Family Decedents' Trust, Myrna Joy Edelman, Trustee of the 2006 Gilbert M. Edelman Inter Vivos Trust, Empire State Liquidity Fund, LLC, Judith Jacobson, Melvyn H. Halper, Phyllis J. Halper, Wendy S. Tamis, and Mary Jane Fales. I have personal knowledge of the facts set forth herein.

    3. I make this declaration in support of Plaintiffs' Motion for an Order to Enforce Arbtral Subpoenas.

4. The instant case was stayed by Order of Judge Analisa Torres issued on March 11, 2015, pending completion of the arbitration between the parties, *Emil Shasha, Trustee, et al. v. Peter L. Malkin, et al*, American Arbitration Association No. 01-14-0001-6986. The hearing in the arbitration commenced on May 26, 2016, and has been underway for approximately two years.

5. Each party to the arbitration was required to file a list of witnesses they intended to call to testify at the hearing. Attached hereto as Exhibit A is a true and correct copy of Respondents' Prehearing Submission, which on page 3 lists Brian Ginsberg and Christopher Gregory as witnesses for Respondents.

6. On December 22, 2016, Claimants by letter brief to the arbitrators requested permission to submit a request for the issuance of four subpoenas pursuant to Section 7 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7. On December 30, 2016, Respondents submitted a letter brief opposing the request for subpoenas, reminding the arbitrators that they had ten months previously quashed subpoenas that Claimants had issued under New York's aid of arbitration statute, NY CPLR § 7505. The arbitrators ordered briefs on the subpoena request. Claimants filed a brief in support on January 4, 2017, Respondents filed a brief in opposition on January 9, 2017, and the arbitrators heard oral argument on January 20, 2017.

7. Following the multiple rounds of briefing, the arbitrators on January 23, 2017, entered two orders authorizing subpoenas to, *inter alia,* Brian Ginsberg and Christopher Gregory, both of whom work for Duff & Phelps, LLC, 55 East 52nd Street, Floor 31, New York, NY 10055, and Martin Cowan, a former partner of Wien & Malkin who resides at 70 Lovell Road, New Rochelle, NY 10804. True and correct copies of the arbitrators' January 23, 2017 Orders are attached hereto as Exhibit B.

**THE GREGORY SUBPOENA**

8. A true and correct copy of the *subpoena duces tecum* issued to Christopher Gregory, dated January 24, 2017, is attached hereto as Exhibit C.

9. The subpoena was served on Mr. Gregory on February 2, 2017. A true and correct copy of the affidavit of service is attached hereto as Exhibit D.

10. On February 13, 2017, Michael Pullos, Counsel for Mr. Gregory, contacted me and requested additional time within which to respond to the subpoena. I agreed to extend the return date of the subpoena in response to this request. A true and correct copy of the email containing this request and response is attached hereto as Exhibit E.

11. On March 16, 2017, I wrote to Mr. Pullos extending the appearance and production date to May 4, 2017. A true and correct copy of this letter is attached hereto as Exhibit F.

12. On March 28, 2017, Mr. Pullos replied by email that his clients would comply with the subpoena, although neither Mr. Ginsberg nor Mr. Gregory was available May 2 to May 4. A true and correct copy of this email is attached hereto as Exhibit G.

13. Also on March 28, 2017, because Mr. Ginsberg and Mr. Gregory were listed as witnesses for Respondents and were expected to testify for Respondents at a later session of the hearing, I agreed with Mr. Pullos to delay the appearance of Mr. Ginsberg and Mr. Gregory to the weeks of June 5 and June 12, 2017 to coincide with the dates that Mr. Ginsberg and Mr. Gregory would testify for Respondents. A true and correct copy of the email chain containing these communications is attached hereto as Exhibit H.

14. During the June hearing session, Mr. Ginsberg testified for Respondents but Respondents did not put Mr. Gregory on the stand. The hearing sessions then adjourned until November 13, 2017. I learned on November 29 after the November hearing session that Respondents no longer

intended to call Mr. Gregory as a witness. On November 30, 2017, I wrote Mr. Pullos asking him to produce Mr. Gregory at a hearing session scheduled for December 11, 2018. A true and correct copy of the letter containing this request is attached hereto as Exhibit I.

15. On December 11, 2017, in an email copied to counsel for Respondents, Mr. Pullos informed me that, in light of Mr. Ginsberg's June testimony, "we do not believe there is a need for another witness from non-party Duff & Phelps." On January 12, 2018, I sent Mr. Pullos an email stating that Mr. Ginsberg's testimony did not excuse Mr. Gregory, as he was subject to a separate subpoena which was duly issued by the arbitrators. I also asked Mr. Pullos to let me know as soon as possible if "Mr. Gregory has no intention of appearing to testify in the arbitration." A true and correct copy of the email chain containing these communications is attached hereto as Exhibit J.

16. I did not receive a timely reply to my email of January 12, 2018, and so I concluded that Mr. Gregory had no intention of complying with the subpoena. On March 27, 2018, I filed the pre-motion letter with the Court prior to moving for an order to enforce the subpoena that Mr. Gregory indicated he would ignore.

17. On March 28, 2018, Scott Ahmad, an attorney with Winston & Strawn, sent me an email requesting that we discuss the Gregory subpoena. I called Mr. Ahmad who reaffirmed Mr. Pullos' position and refused to agree to produce Mr. Gregory. On April 6, 2018, I sent Mr. Ahmad an email calling on him to produce Mr. Gregory as a witness at an arbitration session on April 27, 2018. Mr. Ahmad in a phone call that day stated he would not do so. A true and correct copy of the email chain containing these communications is attached hereto as Exhibit K.

## THE COWAN SUBPOENA

18. A true and correct copy of the *subpoena duces tecum* issued to Martin B. Cowan, dated January 24, 2017, is attached hereto as Exhibit L.

19. The subpoena was served on Mr. Cowan on April 20, 2017. A true and correct copy of the affidavit of service is attached hereto as Exhibit M.

20. I met with Mr. Cowan in Washington, DC, on May 11, 2017, to discuss the case against the Malkins and to arrange an appearance date for Mr. Cowan to testify. Mr. Cowan stated he did not want to participate, with or without a subpoena, because he feared retaliation by the Malkins and their lawyers, Dewey Pegno & Kramarsky, who had already threatened him, defamed him, forced him to publicly disavow the analysis he prepared in 2012, and caused him and his wife to suffer thousands of dollars in attorney fees, public humiliation, and severe emotional distress. A true and correct copy of three letters sent to Mr. Cowan by the Malkins' counsel, the agreement signed by Mr. Cowan, and his public retraction letter are attached hereto as Exhibit N.

21. I told Mr. Cowan that retaliation against him by the Malkins was unlikely at this point in time, but he replied that the soundness of any legal claim they might bring against him would not give them pause, as evidenced by the counterclaims filed in the arbitration. A true and correct of the counterclaims filed in the arbitration is attached hereto as Exhibit O.

22. I told Mr. Cowan that hearing sessions in the arbitration were continuing into the fall and that I still wanted him to testify. I asked him to think it over, and stated that I would contact him again during the rebuttal phase of the case.

23. I again contacted Mr. Cowan on January 8, 2018 and asked him to testify during the rebuttal phase of the hearing then scheduled for April 26, 2018. A true and correct copy of my

email to Mr. Cowan of January 8, 2018 is attached hereto as Exhibit P. Mr. Cowan declined to participate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 21, 2018

_____
John Wyeth Griggs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, this 21st day of May, 2018, served a copy of the foregoing Notice of Motion by email and/or U.S. Mail, postage prepaid, on counsel for defendants addressed to: David S. Pegno, Esq. and Thomas E. L. Dewey, Esq., Dewey, Pegno & Kramarsky, 777 Third Avenue, 37th Floor, New York, NY 10017, dpegno@dpklaw.com; on counsel for Mr. Gregory addressed to Matthew Stark, Esq., Winston & Strawn, 200 Park Avenue, New York, NY 10166, mstark@winston.com; on counsel for Martin B. Cowan addressed to Stanley Bernstein, Esq., bernstein@bernlieb.com; and on counsel for Alan D. Gordon addressed to Edward C. Kramer, Esq., 271 Madison Avenue, 12th Floor, New York, NY 10016, eck@lawkram.com.

_____
John Wyeth Griggs

6