# BERNSTEIN LIEBHARD LLP
### ATTORNEYS AT LAW
### 10 EAST 40TH STREET
### NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

STANLEY D. BERNSTEIN
bernstein@bernlieb.com

June 4, 2018

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Emil Shasha, et al. v. Peter L. Malkin, et al.*, No. 14 Civ. 09989 (AT) (RWL)

Dear Magistrate Judge Lehrburger:

My firm represents Martin Cowan, one of two non-party witnesses who received a subpoena to testify and produce documents in an arbitration proceeding that Plaintiffs here have now moved this Court to enforce (ECF Nos. 91-93). We respectfully request that the Court deny Plaintiffs' motion because Mr. Cowan is elderly and has a serious visual impairment, his testimony is irrelevant and duplicative of information already in the parties' possession, the documents demanded of him are likewise irrelevant, overbroad, and would be extremely burdensome to retrieve if they are even retrievable at all, and he should no longer be forced to endure costly legal fees in a matter in which he has no personal stake.

Rule 26(c) allows courts to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 269 F.R.D. 360, 363 (S.D.N.Y. 2010). When determining undue burden, third parties such as Mr. Cowan are afforded more sympathy because they have no personal stake in the litigation. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911(HB)(HBP), 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004). Most importantly, courts will quash subpoenas when they seek testimony that would simply reflect information already available. *See, e.g., In re Fosamax Prods. Liab. Litig.*, No. 1:06-MD-1789 (JFK)(JCF), 2009 WL 2395899, at *5 (S.D.N.Y. Aug. 4, 2009) (quashing third party subpoena where it sought to "reduce certain public statements to testimony").

Mr. Cowan is eighty-two years old (he will be eighty-three at the time of the hearing) and suffers from a serious visual impairment that will greatly affect his ability to testify in this matter. In particular, Mr. Cowan has double vision in each eye, meaning he sees four separate images when both eyes are open. Thus, most text appears very blurry to Mr. Cowan and he has to re-read each line several times before understanding it. This visual impairment will make it extremely difficult for Mr. Cowan to read and analyze exhibits, particularly complex financial

00465518;V9



**BERNSTEIN LIEBHARD LLP**

Hon. Robert W. Lehrburger
June 4, 2018
Page 2

documents, search for responsive documents to Plaintiffs' overbroad subpoena, and otherwise refresh his memory about the events that took place six years ago.

In 2012, Mr. Cowan conducted an analysis of the Empire State Building REIT proposal, which he detailed in a letter to the SEC dated June 6, 2012. On December 18, 2012, Mr. Cowan retracted that same analysis in a second letter that was sent to the investors in Empire State Building Associates. These documents, among others – which were included as exhibits to Plaintiffs' motion – fully explain Mr. Cowan's involvement in the Empire State Building REIT proposal and do not now require further "validation" from Mr. Cowan. Mr. Cowan has nothing further to add to the information set forth in the documents that are already in Plaintiffs' possession. In these circumstances, forcing Mr. Cowan to testify is an undue burden upon him. *See* Fed. R. Civ. P. 26(c). As an elderly third party with a serious visual impairment, Mr. Cowan should not have to suffer further anxiety, stress, and hardship relating to a subpoena seeking to compel his testimony where it would simply reiterate information already in Plaintiffs' possession. *Cf. Fosamax*, 2009 WL 2395899, at *5.

Plaintiffs also demand that Mr. Cowan produce hundreds or possibly thousands of pages of documents that are duplicative of what they already have and that he would have to sort, organize, analyze and copy at his own expense. Many of these documents are on an old computer that Mr. Cowan *no longer even has*. Even if he could retrieve such documents, it would take Mr. Cowan an incredible amount of time to search for, read, analyze and then copy them. With his serious visual impairment, this would be an extraordinary – and, again, entirely unnecessary – task.

Finally, it is irrelevant whether or not the events of the past made Mr. Cowan feel intimidated or concerned about retaliation and harassment.

Accordingly, we respectfully request that the Court deny Plaintiffs' motion to enforce the arbitral subpoena against Mr. Cowan. We appreciate the Court's consideration of this matter, and are available to provide the Court with any further information it may require.[1]

Respectfully submitted,

/s/ Stanley D. Bernstein

Stanley D. Bernstein

---

[1] As an aside, the subpoena also demands Mr. Cowan's presence for as much as four days, from July 9th through July 12th. Mr. Cowan and his wife purchased expensive airplane tickets this past March for a trip to Hawaii from July 11, 2018 through July 21, 2018. Thus, beyond the many compelling reasons discussed herein why the Court should deny Plaintiffs' motion to enforce the subpoena, Mr. Cowan is not available on the dates demanded.

00465518;V9

