UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMIL SHASHA, TRUSTEE FOR THE
VIOLET SHUKER SHASHA LIVING TRUST,
et al.,

                      Plaintiffs,

       - against -

PETER L. MALKIN, et al.,

                      Defendants.
------------------------------------------------------------X

14-cv-9989 (AT) (RWL)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/18

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Pursuant to Rule 45(g) of the Federal Rules of Civil Procedure and 9 U.S.C. § 7, Plaintiffs move for an order enforcing two *subpoenas duces tecum* issued by the arbitrators in a pending arbitration in this district, *Emil Shasha, Trustee, et al. v. Peter L. Malkin, et al.*, AAA No. 01-14-0001-6986. The arbitral subpoenas were issued to Christopher Gregory and Martin B. Cowan, two non-party witnesses, who have objected to appearing to testify at the arbitration hearings. Defendants oppose the motion to enforce. For the reasons set forth below, Plaintiffs' motion to enforce the subpoenas is GRANTED.

## Background

This case arises from the 2013 consolidation of properties to create the Empire State Realty Trust, Inc. ("ESRT"). On December 18, 2014, Plaintiffs brought suit against Peter Malkin, Anthony Malkin, Thomas Keltner, and Malkin Holdings LLC, alleging violations of federal securities laws. Two months earlier, Plaintiffs initiated an arbitration proceeding in New York alleging securities laws violations, common law fraud, breach of

1

fiduciary duty, and breach of contract based largely on the same facts as the claims brought before this Court.

On March 11, 2015, the Honorable Analisa Torres, United States District Judge, ordered that this case be stayed pending completion of the arbitration. The arbitration commenced on May 26, 2016, with over thirty-five hearing days spread over the past two years. Eight additional hearing days were scheduled, including in late July and early August 2018.

## Jurisdiction

Although the Federal Arbitration Act ("FAA") explicitly permits parties to petition district courts to enforce an arbitration subpoena, *see* 9 U.S.C. § 7, that provision does not confer subject-matter jurisdiction on federal courts. *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir. 2005). Courts must have an independent basis of jurisdiction aside from the FAA. *Id.* This Court had federal question jurisdiction when Plaintiffs filed this lawsuit and retains jurisdiction over any subsequent application involving the same agreement to arbitrate. *See id.* at 572-73. Neither party contests the Court's jurisdiction to consider this matter.

## Discussion

A.  Legal Standard

Courts have an extremely limited role in reviewing arbitral decisions in order to preserve arbitration's function of promptly resolving disputes. *See Bailey Shipping Limited v. American Bureau of Shipping*, No. 12 Civ. 5959, 2014 WL 3605606, at *1 (S.D.N.Y. July 18, 2014) (first quoting *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008); then quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013)). An arbitration

2

panel may issue subpoenas to compel a non-party to testify as a witness and produce material documents. 9 U.S.C. § 7; *Stolt-Nielsen SA*, 430 F.3d at 581. Parties in an arbitration action may petition to enforce a subpoena in the federal district court for the district in which the arbitrators sit. 9 U.S.C. § 7. The district court may either compel the person's attendance before the arbitrator or punish them for contempt for refusal to appear. 9 U.S.C. § 7; *Dynegy Midstream Services, LP v. Trammochem*, 451 F.3d 89, 93 (2d Cir. 2006). "'[I]t is difficult to overstate the strong federal policy in favor of arbitration,' and it is a policy courts in this Circuit 'have often and emphatically applied.'" *Bailey Shipping*, 2014 WL 3605606, at *1 (alteration in original) (quoting *Arciniaga v. General Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006)).

Arbitrators must hear evidence that is pertinent and material to the controversy, but otherwise have discretion in determining what additional evidence to hear. *See* 9 U.S.C. § 10(a)(3); *Petroleum Transport, Ltd. v. Yacimientos Petroliferos Fiscales*, 419 F. Supp. 1233, 1235 (S.D.N.Y. 1976) (quoting *Catz American Co. v. Pearl Grange Fruit Exchange, Inc.*, 292 F. Supp. 549, 553 (S.D.N.Y. 1968)). When faced with a motion to enforce an arbitration subpoena, the court is not required to independently assess the evidentiary value of the testimony sought. *See* 9 U.S.C. § 7 (addressing authority of district court to consider motion to enforce a subpoena, but not imposing requirement to independently consider evidentiary value); *Bailey Shipping*, 2014 WL 3605606, at *3 (quoting *Compania Panemena Maritima v. J.E. Hurley Lumber Co.*, 244 F.2d 286, 288 (2d Cir. 1957)) ("[I]t should not be the function of the District Court, after having ordered an arbitration to proceed, to hold itself open as an appellate tribunal to rule upon any questions of evidence that may arise in the course of the arbitration."). "The evidence

[the parties] seek may ultimately prove ineffectual on legal or factual grounds . . . . But it is for the arbitral panel, not the Court, to construe the law [the parties] cite and evaluate the evidence [the parties] adduce." *Bailey Shipping*, 2014 WL 3605606, at *4.

B.    <u>Analysis</u>

Plaintiffs have moved to compel the testimony of two non-parties, Mr. Gregory and Mr. Cowan. Defendants and the non-parties have not challenged the subpoenas as being invalid, improperly issued by the arbitrators, or improperly served. Instead, Defendants and Mr. Gregory argue that the Court should apply its discretion to determine whether Mr. Gregory's testimony would be improper rebuttal and duplicative. (Opposition to Plaintiffs' Motion to Enforce Arbitral Subpoenas ("Def. Mem.") at 9; Opposition by Non-Party Duff & Phelps, LLC and Christopher Gregory to Motion to Enforce Arbitral Subpoenas at 1.) Defendants and Mr. Cowan object to Mr. Cowan's having to testify and produce documents as overly burdensome because of his age and visual impairment, and because his testimony would be duplicative.[1] (Def. Mem. at 3-4; Letter of Stanley D. Bernstein dated June 4, 2018.)

The arbitration panel has sat through more than thirty days of hearings over the past two years and is more intimately involved with the facts than this Court. The panel therefore is far better positioned than this Court to make any assessment of whether the non-parties' testimony is material, cumulative, or otherwise objectionable. As for Mr. Cowan's concern for his age and visual impairment, the arbitration panel similarly is best positioned to assess if any accommodations, such as limited hours or breaking up his

---

[1] Plaintiffs have dropped their subpoena demands for Mr. Cowan's documents, thereby reducing the burden on Mr. Cowan.

4

testimony, should be made.  This Court, however, finds no basis on its own to quash either subpoena.

Defendants and Mr. Gregory rely on *Laufman v. Anpol Contracting, Inc.*, No. 94 Civ. 5362, 1995 WL 360015, at *1 (S.D.N.Y. June 13, 1995), and *Oceanic Transport Corporation of Monrovia v. Alcoa Steamship Co.*, 129 F. Supp. 160, 161 (S.D.N.Y. 1954), arguing that the district court has the authority to make an independent assessment of materiality.  (Def. Mem. at 4.)  Regardless of whether this Court has the authority to do so, for the reasons set forth above, it does not have the obligation, or sufficient information, to make that assessment.  Indeed, courts in this Circuit have generally declined to exercise that authority, in most cases deferring evidentiary issues to the arbitrators.  *See, e.g.*, *Bailey Shipping*, 2014 WL 3605606, at *1 (compelling compliance with an arbitration subpoena and deferring to the arbitrators to evaluate the merits of further evidentiary arguments); *Seaton Insurance Co. v. Cavell USA*, No. 07-cv-356, 2007 WL 9657277, at *4 (D. Conn. March 21, 2007) (citing *Stolt-Nielsen SA*, 430 F.3d at 580) ("The panel can narrow the discovery requests if it sees fit to do so, as it was the entity that issued the subpoenas in the first place.").

*Laufman* is not to the contrary.  While the Court there stated that "[t]he Court has the concomitant authority to consider objections such as overbreadth, lack of relevance, and proprietary information," it ultimately deferred to the arbitrator to make the determination.  *Laufman*, 1995 WL 360015, at *1.  In the 1954 case, *Oceanic Transport*, the Court stated that it had an obligation to assess the materiality of the subpoenaed materials, but there, unlike here, found that the material was not even relevant to the

case. 129 F. Supp. at 161. By comparison, here, the Defendants argue that the evidence is duplicative, but make no such claim as to the relevance.

Defendants also argue that because the arbitrators have not determined whether permitting the testimony at this juncture would be proper, the Court must do so. (Def. Mem. at 11.) The Court does not agree. Even if the arbitrators have not yet ruled on whether to permit the testimony, they remain best-suited to do so, particularly since they found reason to issue the subpoenas to begin with. Accordingly, the Court orders compliance with the subpoenas unless and until the arbitration panel determines not to permit the witnesses' testimony.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
July 5, 2018

Copies transmitted to all counsel of record.