USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
EMIL SHASHA, TRUSTEE FOR THE VIOLET SHUKER SHASHA LIVING TRUST; JUDITH JACOBSON; SHIRLEY ADLER, TRUSTEE FOR THE ADLER FAMILY TRUST; EMPIRE STATE LIQUIDITY FUND LLC; HOWARD EDELMAN, TRUSTEE FOR THE EDELMAN FAMILY DECEDENT'S TRUST; MYRNA JOY EDELMAN, TRUSTEE FOR THE 2006 GILBERT M. EDELMAN INTER VIVOS TRUST; ROBERT A. MACHLEDER; MELVYN H. HALPER; PHYLLIS J. HALPER; WENDY S. TAMIS; ALAN D. GORDON; AND MARY JANE FALES,

      Plaintiffs,

-against-

PETER L. MALKIN; ANTHONY E. MALKIN; THOMAS N. KELTNER, JR; AND MALKIN HOLDINGS LLC,

      Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

14 Civ. 9989 (AT) (RWL)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

  This matter has been stayed pending the outcome of an arbitration proceeding concerning the rollup and initial public offering of the Empire State Realty Trust, Inc. *See* ECF Nos. 23–24. Following a nearly two-year arbitration proceeding that resulted in an extensive decision by an arbitration panel, Plaintiffs move to lift the stay and file a second amended complaint ("SAC"). ECF No. 170. Pursuant to an order of reference, ECF No. 41, the Honorable Robert W. Lehrburger issued a report (the "R&R") recommending that the Court lift the stay, deny Plaintiffs leave to file the SAC, and dismiss the case, R&R at 1, ECF No. 178. Before the Court are Plaintiffs' timely objections to the R&R. Objs., ECF No. 179; *see also* Resp., ECF No. 180. For the reasons stated below, the Court OVERRULES Plaintiffs' objections and ADOPTS the R&R in full.

# DISCUSSION[1]

## I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 347 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R and does not summarize them here. R&R at 1–7.

2

(citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.  Plaintiffs' Objections

Plaintiffs raise three categories of objections to Judge Lehrburger's thorough and well-reasoned R&R. The Court addresses each in turn.

*First*, Plaintiffs object to the letter-brief procedure used by Judge Lehrburger in connection with their motion. Objs. at 3. Plaintiffs contend that the use of letter briefs was "problematic" and contravened Judge Lehrburger's Individual Practices in Civil Cases. *Id.* at 3, 5. Plaintiffs acknowledge that they raised the substance of this objection to Judge Lehrburger, *see id.* at 3 n.4, and Judge Lehrburger considered it, *see* R&R at 7, so the Court reviews this objection for clear error, *see Harris*, 338 F. Supp. 3d at 174; *Edwards*, 414 F. Supp. 2d at 347.

The Court is not left with a "definite and firm conviction that [any] mistake [was] committed." *Easley*, 532 U.S. at 242 (citation omitted). Just as a district court's decision whether to permit oral argument rests firmly within its discretion, *Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989), so too do district courts "enjoy[] broad discretion in determining the appropriate scope of briefing before [them]," *Best Brands Consumer Prods., Inc. v. Versace 19.69 Abbigliamento Sportivo S.R.L.*, No. 23 Civ. 1115, 2024 WL 2952151, at *2 (2d Cir. June 12, 2024) (affirming a district court's briefing schedule that did not permit reply briefs). The Court finds no clear error in Judge Lehrburger's assessment that the seven letter briefs concerning Plaintiffs' motion provided more than "ample" briefing and that "further formal briefing" was neither "required [n]or warranted."[2] R&R at 5, 7 (citing *Liana Carrier Ltd. v. Pure Biofuels Corp.*, 672 F. App'x

---

[2] Nor did Judge Lehrburger contravene his Individual Practices, which apply "[u]nless otherwise ordered." Individual Practices in Civil Cases, Hon. Robert W. Lehrburger, at 1.

3

85, 92 (2d Cir. 2016)).

*Second*, Plaintiffs object that the R&R did not consider collateral estoppel when it concluded that Plaintiffs' claims are barred by the doctrine of *res judicata*. Objs. at 7; *see* R&R at 10. As Judge Lehrburger correctly explained, the arbitration award was a final decision on the merits; the parties to this case and the arbitration proceeding are the same or are in privity with each other; the claims are the same; and the arbitration panel did not rule that any of the claims asserted in Plaintiffs' arbitration demand were non-arbitrable. *See* R&R at 10–11. Accordingly, Plaintiffs' claims are barred by *res judicata*. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994); *Siddiqua v. N.Y. State Dep't of Health*, 642 F. App'x 68, 70 (2d Cir. 2016) ("It is well-settled that the doctrines of *res judicata* and collateral estoppel can be predicated on arbitration proceedings."). That issue is dispositive, and it was therefore unnecessary for the R&R to consider "the very similar but distinct doctrine of collateral estoppel," to which "[d]ifferent rules and restrictions apply." *Burgos*, 14 F.3d at 789.

*Third*, Plaintiffs object that the R&R "was improperly influenced by false and misleading statements by Defendants," which the R&R erroneously "accepted as true." Objs. at 13 (capitalization altered). This objection is without merit. There is no indication that the R&R accepted false statements as true. Plaintiffs object, for example, that the R&R mentioned that "Defendants never argued [before the arbitration panel] that [Plaintiffs'] claims were non-arbitrable." R&R at 10; Objs. at 14. Even if this statement were incorrect, whether Defendants argued that the claims were non-arbitrable before the arbitration panel is irrelevant to the *res judicata* issue and was not relied upon by Judge Lehrburger as support for the R&R's recommendation. *See* R&R at 9–10. Judge Lehrburger correctly found that Plaintiffs' claims were or could have been raised in the arbitral proceedings against the same parties, and that "*the*

4

*arbitrators* did not rule that any of the claims asserted in the Plaintiffs' arbitration demand were non-arbitrable." *Id.* at 10 (emphasis added). That finding was sufficient for *res judicata* purposes. Accordingly, any statement about what Defendants may or may not have argued in the arbitral proceedings could not have "unfairly influenced the [R&R]." Objs. at 13.

Plaintiffs also claim that a statement that Judge Lehrburger quoted from Defendants' letter brief at ECF No. 171 is false. *Id.* at 14. The quoted statement is not false. Judge Lehrburger's quotation correctly states that the claims raised by Plaintiffs in the arbitration proceeding are the same claims for which Plaintiffs now seek leave to amend the complaint. R&R at 10–11.

Plaintiffs' other examples of false or misleading statements attempt to rehash arguments previously aired regarding which of their claims were or were not raised in different manners and at different points throughout the multi-year arbitration proceeding. *See* Objs. at 15–19. Each of these objections misses the point. As Judge Lehrburger cogently explained in the R&R, under clearly established *res judicata* principles, Plaintiffs' claims against Defendants are barred if they arise from the same operative set of facts at issue in the prior proceeding, and if they were or could have been raised at any point during that proceeding. *See* R&R at 13–15. The Court is not left with a "definite and firm conviction" that Judge Lehrburger erred in applying those principles to the record before the Court. *Easley*, 532 U.S. at 242 (citation omitted).

The Court has considered all of Plaintiffs' objections. To the extent any are not expressly discussed herein, the Court has found that they are conclusory or otherwise an effort "to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Edwards*, 414 F. Supp. 2d at 347. The Court has reviewed those objections, as well as any portions of the R&R to which Plaintiffs did not object, for clear error and found none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiffs' objections to the R&R and ADOPTS the R&R in full. The stay is LIFTED, Plaintiffs' motion for leave to amend the complaint is DENIED, and the case is DISMISSED. The Clerk of Court is respectfully directed to terminate all motions and close the case.

SO ORDERED.

Dated: January 30, 2025
      New York, New York

ANALISA TORRES
United States District Judge